UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JOSEPH CLARK,
        Plaintiff,

vs.                                                                                         04-1012

JOSEPHINA TORREZ, et al.,
        Defendants.

### ORDER

Before the court are the defendants' motions to dismiss, d/e 12 and 15 and the plaintiff's responses.

### Standard

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty Company*, 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

### Background

The plaintiff Joseph Clark is an inmate at the Pontiac Correctional Center in Pontiac, Illinois. He complains about the medical care provided to him while he was an inmate at PCC on September 29, 2002. He alleges that Josephina Torrez, a medical technician, was deliberately indifferent to his medical needs by refusing to allow the plaintiff to see a doctor for his alleged chest pain. The plaintiff alleges that he complained to Torrez on September 29, 2002 that he was suffering from chest pains. The plaintiff alleges that Torrez asked him did he have a P-96 form. The plaintiff advised Torrez that he did not have a P-96 form. The plaintiff alleges that Torrez then advised him that he could not get medical treatment without a signed P-96 form and $2.00.

H e further alleges that defendant Dallas was also deliberately indifferent to his medical needs after Torrez advised him that the plaintiff did not want to provide a P-96 form or $2.00, he was not going to have any corrections staff take the plaintiff to see a doctor. The plaintiff further alleges that defendants Pitchford, grievance officer and Mote, the warden, condoned the actions of the defendants Torrez and Dallas, which were allegedly in contrast to prison and department policy. The plaintiff also alleges defendant Anderson, member of the Administrative Review Board, also condoned the actions of the defendants Torrez and Dallas and therefore was deliberately indifferent to his medical needs.

Subsequent to the plaintiff's encounter with Torrez, the plaintiff filed a grievance regarding the incident. On October 15, 2002, Dr. Funk issued a memorandum to the grievance committee indicating his findings that he agreed with Torrez's version concerning her interaction with the plaintiff on September 29, 2002. As a result, the plaintiff included Dr. Funk as a defendant in this case.

The plaintiff attached an exhibit to his complaint entitled "Bulleting No. 80, dated September 27, 2000. In that bulletin, James Schomig, the warden advises the inmates and staff that on July 7, 2000, George Ryan, former governor of Illinois, had signed House Bill 4124. As a result prison and departmental policy required that prisoners sign a P-6 form when requesting medical services, and those inmates without funds in their account will be given appropriate healthcare so long as they sign the voucher.

## Discussion

Deliberate indifference to a serious injury or medical need violates a prisoner's rights under the Eighth Amendment to be free from cruel and unusual punishment. *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001); *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001), *citing Estelle v. Gamble*, 429 U.S. 153, 182-83 (1976). The injury or need must be objectively serious, *and* the official must personally know of the risk and consciously disregard it. *See Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999); *Mathis v. Fairman*, 120 F.3d 88. 91 (7th Cir. 1997); *Wynn v. Southward*, 251 F.3d at 593 (2001). An objectively serious injury or medical need is "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Chapman*, 241 F.3d at 845, *quoting Zentmyer v. Kendall County* 220 F.3d 805, 810 (7th Cir. 2000)(*quoting Gutierrez v. Peters* 111 F.3d 1364, 1373 (7th Cir. 1997)). An objectively serious condition also presents itself if "'failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain.'" *Reed v. McBride*, 178 F.3d 849, 852 (7th Cir. 1999), *quoting Gutierrez*, 111 F.3d at 1373. The subjective component (deliberate indifference) does not encompass negligence or even gross negligence. *Id.*, *citing Salazar v. City of Chicago*, 940 F.2d 233, 238 (7th Cir. 1991); *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). The prisoner must "show that the prison official was subjectively aware of the prisoner's serious medical needs and disregarded an excessive risk that a lack of treatment posed to the prisoner's

health or safety." *Wynn*, 251 F.3d at 593, *citing Farmer v. Brennan*, 511 U.S. at 837; *Zentmyer*,

220 F.3d at 811.

With the exception of Ms. Torrez, the record does not support an inference of deliberate indifference by the defendants. Therefore, pursuant to Fed. R. Civ. P. Rule 12(b)(6), the plaintiff's claims against all the defendants, except Ms. Torrez are dismissed for failure to state a claim upon which relief may be granted. Based on the information provided to Dallas at the time, he correctly followed department procedures. To Dallas' knowledge, the plaintiff had refused to sign a P-96 form as required and therefore could not receive medical treatment. The remaining defendants were not personally involved in the alleged denial of the medical treatment. An individual is liable under § 1983 only if he or she was "'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 739 (7th Cir. 2001), *citing Chavez v. Illinois State Police*, 251 F.3d 612, 652 (7th Cir. 2001); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Personal responsibility means participating directly in the constitutional violation or directing the unconstitutional conduct. A defendant may also be personally responsible if the "conduct occurred with his knowledge or consent." *Sanville*, 266 F.3d at 739, *citing Chavez*, 251 F.3d at 652.

**It is therefore ordered:**

1. **Pursuant to Fed. R. Civ. P. Rule 12(b)(6), Dr. Funk's motion to dismiss, d/e 12, is granted.**
2. **Pursuant to Fed. R. Civ. P. Rule 12(b)(6), Anderson, Pitchford, Dallas, Mote and Torrez's motion to dismiss, d/e 15, is granted in part and denied in part.**
3. **The plaintiff may proceed only on his claim that Torrez was deliberately indifferent to his serious medical needs.**
4. **The clerk of the court is directed to terminate all defendants, except Torrez, forthwith.**

**Enter this 24th day of September 2004.**

s\Harold A. Baker

_____
**HAROLD A. BAKER**
**UNITED STATES DISTRICT COURT**