UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JOSEPH CLARK,            )
      Plaintiff,    )
                    )
   vs.           )   No. 04-1012
                    )
JOSEPHINA TORREZ, et al.,  )
      Defendants.  )

FILED
DEC - 7 2004
JOHN M. WATERS, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## PLAINTIFF'S MOTION FOR RECONSIDERATION OF JUDGE'S ORDER

NOW COMES THE PLAINTIFF, Joseph Clark, pro se, and respectfully moves this Honorable Court to reconsider its September 24, 2004 order in the above-captioned matter, and to reinstate Benny Dallas, Arthur Funk, Pearlene Pitchford, Stephen Mote and Terri Anderson back as defendants in the above-captioned case. In support of this motion, the Plaintiff states as follows:

1. On September 24, 2004 this Court dismissed Plaintiff's claims against Defendants Funk, Dallas, Pitchford, Mote and Anderson, and ordered that the Plaintiff may proceed only on his claim against Defendant Torrez. The Court ruled that with the exception of Defendant Torrez, the Plaintiff's claims against all of the other Defendants (defendants A. Funk, B. Dallas, P. Pitchford, S. Mote, and T. Anderson) failed to state a claim upon which relief may be granted.

2. However, the Plaintiff maintains that this Court's September 24, 2004 ruling and order are erroneous and contrary to the sound doctrine of unambiguous and clearly established Seventh Circuit case law, and the Plaintiff's claims does indeed state a cause of action against **all** of the Defendants, including the Defendants which this Court dismissed on September 24, 2004.

3. This Court conveniently overlooks and ignores certain crucial and important aspects/facts of the Plaintiff's complaint and attached exhibit.

4. The Court cites case-law in its September 24, 2004 order, but misapplies the case-law; it is not enough to merely acknowledge and cite case-law, the case-law must be applied correctly and unbiasedly in order for justice and fundamental fairness to be served.

5. In this Court's September 24, 2004 order, the Court reasoned that "Based on the information provided to Dallas at the time, he correctly followed department procedures. To Dallas' knowledge, the plaintiff had refused to sign a P-96 form as required and therefore could not receive medical treatment." This reasoning by the Court conveniently ignores and overlooks the fact that the Exhibit attached to the Plaintiff's complaint ("Bulletin No. 80, dated September 27, 2000) clearly demonstrates and shows that defendant B. Dallas in fact had **not** correctly followed department procedures. Bulletin No. 80, dated September 27, 2000, attached to Plaintiff's complaint at Exhibit-B, contains two(2) significant provisions: ① inmates requiring **emergency** medical attention/treatment are **exempt** from the $2 co-payment; and ② inmates requesting or requiring

non-emergency medical services will be required to sign a P-96 form **upon arrival for the receiving of the medical services.** These two provisions, in contrast to the Plaintiff's medical situation on September 29, 2002, clearly shows that defendant B. Dallas did **not** correctly follow departmental procedures. Plaintiff had an emergency medical situation and required emergency medical attention/treatment (indeed, the doctor had ordered for the Plaintiff to be immediately brought over to the Health Care Unit), and therefore, according to the Defendants' own departmental rule/policy, the Plaintiff was **not** required or obligated to sign any P-96 form. And furthermore, even if the Plaintiff's medical condition was not deemed to be an emergency and had not required emergency medical attention/treatment, the Plaintiff still would **not** have been required or obligated to sign any P-96 form until he (Plaintiff) arrived in front of the doctor to receive the medical care/treatment. So even according to the Defendants' own departmental rules/policies, Defendant J. Torrez acted contrary to those departmental rules/policies on September 29, 2002, and Defendant B. Dallas was on location at the time of Defendant Torrez's conduct and was fully aware of these departmental rules/policies and the Plaintiff's situation on September 29, 2002, but he (B. Dallas) still nonetheless allowed and permitted the violation to occur and remain; in fact, he (B. Dallas) personally gave the final "standing order" on September 29, 2002 for the Plaintiff **not** to be taken over to the Health Care Unit. So it cannot rationally be said that Defendant B. Dallas correctly followed department procedures on September 29, 2002 or that he (Defendant B. Dallas) also was not liable for being deliberately indifferent to Plaintiff's serious medical need(s), and this Court committed error by conveniently overlooking and ignoring these facts which were well-pled in the Plaintiff's complaint.

6. In its September 24, 2004 order, this Court also dismissed the Plaintiff's claims against the other Defendants (defendants A. Funk, P. Pitchford, S. Mote, and T. Anderson), reasoning that "The remaining defendants were not personally involved in the alleged denial of the medical treatment." The Court cited Sanville v. McCaughtry, 266 F.3d 724, 739 (7th Cir. 2001), citing Chavez v. Illinois State Police, 251 F.3d 612, 652 (7th Cir. 2001); Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995) to support its reasoning/ruling, but even these cases cited by the Court, in contrast to the facts asserted in the Plaintiff's complaint, which the Court is obligated to accept as true, and the other well-established Seventh Circuit case-law, shows that this Court misapplied the sound reasonings/principles of these cases, and shows that these cases calls for a ruling/order opposite of that which this Court entered in this above-captioned case on September 24, 2004. See Pride v. Peters, No. 94-2025, 1995 WL 746190, at *1 (7th Cir. Dec. 15, 1995) (unpublished *1216 order); Black v. Lane, 22 F.3d 1395, 1401 (7th Cir. 1994) (citing Smith v. Rowe, 761 F.2d 360, 369 (7th Cir. 1985)); Verser v. Elyea, 113 F.Supp.2d 1211; Vance v. Peters, 97 F.3d 987 (7th Cir. 1996).
The test for establishing personal responsibility was set forth in **Gentry**:

> Of course, [the defendant prison official] cannot be personally liable under a theory of respondeat superior. However, "'[a]n official satisfies the personal responsibility requirement of section 1983... if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent.'" That is, he "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye...." In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for §1983 recovery. **Gentry**, 65 F.3d at 561.

Surely, indeed the facts asserted in the Plaintiff's complaint clearly demonstrates the causal connection or affirmative link between the action complained about on September 29, 2004 and the officials (Defendants) sued, including all of the Defendants who this Court dismissed from this above-captioned action on September 24, 2004. The well-pled facts asserted in the Plaintiff's complaint & attached exhibits specifically and undeniably demonstrates that **all** of the named Defendants knew about the September 29, 2002 incident/occurance (through the grievance procedure and formal administrative complaint correspondences) and that they (all of the Defendants) approved the Constitution deprivation, condoned it, and facilitated it. The Defendants therefore should not be allowed to escape liability, and this Court committed error by erroneously terminating the Defendants on September 24, 2004.

Wherefore, for all of the above mentioned reasons, the Plaintiff respectfully moves this Court to reconsider its September 24, 2004 order in this above-captioned case, and to reinstate all terminated individuals back onto this above-captioned case as defendants in this above-captioned case.

Respectfully & Sincerely Submitted,

Joseph Clark
Plaintiff, Pro se

Joseph Clark
#K57170, NorthHouse- #647
700 West Lincoln Street
P.O. Box-99
Pontiac, Illinois 61764

②

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Joseph Clark,  )
Plaintiff,  )
 )  Case No. 1:04-cv-01012
v.  )
 )
Josephina Torrez, et al.,  )
Defendants.

## PROOF/CERTIFICATE OF SERVICE

TO: John M. Waters, Clerk
United States District Court, Central District Of Illinois
Office Of The Clerk, Room 309
Federal Building, 100 N.E. Monroe Street
Peoria, Illinois 61602
(the original and four (4) copies sent)

TO: Theresa M. Powell
Heyl, Royster, Voelker & Allen
Suite 575, National City Center
1 North Old State Capitol Plaza, P.O. Box-1687
Springfield, Illinois 62705-1687
(one (1) copy sent)

TO: John J. Weathers
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706
(one (1) copy sent)

PLEASE TAKE NOTICE that on November 30, 2004, I have placed the documents listed below in the institutional mail at Pontiac Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: my Cover Letter to the Clerk Of The Court; my Plaintiff's Motion For Reconsideration Of Judge's Order; and this Proof/Certificate Of Service paper.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: November 30, 2004

/s/ Joseph Clark
NAME: Joseph Clark
IDOC#: #K57170
Pontiac Correctional Center
P.O. BOX - 99
Pontiac, IL. 61764

Revised Oct 2002