UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

JOSEPH CLARK, )
)
    Plaintiff, )
vs. )
)
JOSEPHINA TORREZ, BENNY DALLAS, )
TERRI ANDERSON, PEARLENE PITCHFORD, ) No. 04-1012
STEPHEN MOTE, PONTIAC CORRECTIONAL )
CENTER, and ILLINOIS DEPARTMENT OF )
CORRECTIONS, )
)
    Defendants. )

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE DEFENDANT TORREZ'S ANSWER INSTANTER

NOW COMES PLAINTIFF, JOSEPH CLARK, pro se, and hereby moves this Court to deny defendant Torrez leave to file an "answer" in this case instanter. In support hereof, the Plaintiff states the following:

1. The Plaintiff's Complaint was filed in this Court on January 21, 2004.

2. A responsive pleading, entitled and in the form of a Motion To Dismiss Plaintiff's Complaint, has already been submitted to this Court on behalf of defendant Torrez on March 26, 2004, in response to Plaintiff's Complaint.

3. According to the Federal Rules Of Civil Procedure, the defendant(s) had four(4) separate options/legal procedures to choose from when deciding to file a response/reply to the Plaintiff's Complaint: a. A Motion For A More Definite Statement (Fed. R. Civ. Proc. 12(e)); b. A Motion To Dismiss (Fed. R. Civ. Proc. 12(b)); c. A Motion For A Summary Judgment (Fed. R. Civ. Proc. 56); d. An Answer (Fed. R. Civ. Proc. 8); and on March 26, 2004 defendant Torrez chose option B, A Motion To Dismiss, to file as her response/reply to the Plaintiff's Complaint in this above-captioned case.

4. Defendant Torrez is now claiming that due to "clerical error" and "oversight," she inadvertently failed to file an answer in this case. But defendant Torrez fails to mention the fact that a responsive pleading to the Plaintiff's Complaint has indeed already been submitted to this Court on March 26, 2004 and filed in this Court in response/reply to the Plaintiff's Complaint; and furthermore, defendant Torrez also fails to mention or explain why it has taken her all this time (a year and a half), since January 21, 2004 (the date since Plaintiff's Complaint was filed), to realize and acknowledge her so-called "clerical error" and "oversight," and so-called "inadvertent failure."

5. In the defendant's Motion For Leave To File Defendant Torrez's Answer Instanter, the defendant correctly states that the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e)(g)(1) provides that "No relief shall be granted to

(1)

the plaintiff unless a reply has been filed." But the defendant fails to acknowledge or mention the fact that a reply has indeed already been filed in this above-captioned case on behalf of defendant Torrez; and therefore, the PLRA, 42 U.S.C. § 1997(e)(g)(1), does **not** preclude a default judgment against the defendant in this above-captioned case.

6. Portions of defendant Torrez's "Answer Instanter," which defendant Torrez is now seeking Leave To File, is merely duplicative of the defendant's previously filed responsive pleading (Motion To Dismiss), and is irrelevant and unnecessary; and the remaining portions of defendant Torrez's proposed "Answer Instante" are contradictory to the claims already made by the defendant in the previously filed responsive pleading (Motion To Dismiss), and defendant Torrez is thereby attempting to change parts/portions of her claims/pleadings which she has already asserted, and the Plaintiff **will** indeed be prejudiced if the defendant is allowed to file a duplicative, irrelevant and unnecessary second responsive pleading, and to change parts/portions of her claims/pleadings at this late juncture in this above-captioned case, especially considering the fact that the Plaintiff is proceeding **pro se** in this above-captioned case, and that the Plaintiff's legal efforts and endeavors and pursuits are constantly being hindered, frustrated and "chilled" by the constant, ongoing, persistent acts of retaliation against the Plaintiff by the defendant(s) and agents of the defendant(s), as the Plaintiff has already fully explained to this Court, and made this Court aware, in the Plaintiff's Emergency Dual Motion For The Appointment Of Counsel And An Extention Of Time In Which To Conduct And Complete Discovery Or, Alternatively, For A Court-Order For The Plaintiff To Be Given Access To Use The Prison Law Library Cell, And An Extension Of Time In Which To Conduct And Complete Discovery; And For A Preliminary Injunction, which was just recently submitted to this Court, in this above-captioned case, by the Plaintiff on June 27, 2005.

   Wherefore, for all of the above and foregoing reasons, the Plaintiff respectfully move this Court to **deny** defendant Torrez's Motion for Leave To File an Answer Instanter.

            Sincerely & Respectfully Submitted,

            Joseph Clark
            _____
Dated: July 15, 2005        Plaintiff, pro se

            Joseph Clark
          #K57170, North House-141
          700 West Lincoln Street
           P.O. Box-99
          Pontiac, Illinois 61764

IN THE

United States District Court, For The
Central District Of Illinois

FILED
JUL 2 0 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Joseph Clark,            )
Plaintiff/Petitioner,    )
                         )
vs.                      )   Case No. 04-1012
                         )
Josephina Torrez, et al.,)
Defendant/Respondent.    )

---

PROOF/CERTIFICATE OF SERVICE

TO: John M. Waters, clerk
Clerk Of The United States District Court
Central District Of Illinois
Office Of The Clerk, 100 N. E. Monroe Street
Peoria, Illinois 61602
(the original and three(3) copies sent)

TO: John J. Weathers
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706
(one(1) copy sent)

PLEASE TAKE NOTICE that on July 18, 2005, I placed the documents listed below in the institutional mail at Pontiac Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: my Cover Letter To the Clerk Of The Court; a Self-Addressed Envelope; this Proof/Certificate Of Service; and my Plaintiff's Response In Opposition To Defendant's Motion For Leave To File Defendant Torrez's Answer Instanter. Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109 I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge and belief.

DATED: July 15, 2005

/s/ Joseph Clark
NAME: Joseph Clark
IDOC No. #K57170
Pontiac Correctional Ctr.
POB - 99
Pontiac, IL. 61764