UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH CLARK, <br><br> Plaintiff, <br><br> vs. <br><br> JOSEPHINA TORREZ, BENNY DALLAS, TERRI ANDERSON, PEARLENE PITCHFORD, STEPHEN MOTE, PONTIAC CORRECTIONAL CENTER, and ILLINOIS DEPARTMENT OF CORRECTIONS, <br><br> Defendants. | No. 04-1012 |

### DEFENDANT TORREZ'S ANSWER

NOW COMES Defendant, JOSEPHINA TORREZ, by and through her attorney, Lisa Madigan, Attorney General for the State of Illinois, and hereby Answers the plaintiff's Complaint. The defendant states as follows:

### Statement Of Claim

1.  Defendant Torrez lacks sufficient knowledge to admit or deny the plaintiff's assertions concerning his conversation with the gallery officer prior to her seeing the plaintiff on the morning of September 29, 2002.

2.  Defendant Torrez admits she went to the plaintiff's cell on September 29, 2002, at approximately 11:05 A.M. in response to his request to be seen for chest pain.

3.  Defendant Torrez denies the plaintiff's assertion that upon her appearing at his cell door they engaged in a conversation concerning his alleged "severe and extreme internal chest pain and discomfort."

1

4. Defendant Torrez admits the plaintiff's assertion that defendant Torrez left the plaintiff's cell in order to request the plaintiff's potential movement to the health care unit.

5. Defendant Torrez admits the plaintiff's assertion that upon returning to his cell she directed the plaintiff to get dressed and sign a P-96 voucher form in order to be transported to the health care unit.

6. Defendant Torrez admits she required the plaintiff to sign a P-96 voucher form prior to being taken to the health care unit.

7. Defendant Torrez admits the plaintiff's assertion that he did not sign a P-96 voucher form.

8. Defendant Torrez denies she required the plaintiff pay a $2.00 fee prior to bing taken to the health care unit.

9. Defendant Torrez denies the plaintiff asked her to be taken to the health care unit.

10. Defendant Torrez denies the plaintiff showed any signs of experiencing "severe and extreme internal chest pains and discomfort" while she was at his cell on the morning in question.

11. Defendant Torrez denies the plaintiff asked her to speak to a doctor or lieutenant.

12. Defendant Torrez lacks sufficient knowledge to admit or deny what the plaintiff did or how he felt after she walked away from his cell on the morning in question.

13. Defendant Torrez lacks sufficient knowledge to admit or deny the content of any conversation the plaintiff had with the gallery officer on duty on the morning in question.

14. Defendant Torrez denies she was deliberately indifferent to the plaintiff's alleged serious medical needs.

15. Defendant Torrez lacks sufficient knowledge to admit or deny what feelings or emotions the plaintiff had during the morning in question.

16. Defendant Torrez admits the plaintiff filed a grievance concerning the alleged events of the morning in question.

17. Defendant Torrez denies she violated the plaintiff's constitutional rights or any facility or departmental rules in her dealings with the plaintiff on the morning in question.

18. Defendant Torrez lacks sufficient knowledge to admit or deny the plaintiff's allegations directed at defendants that have been dismissed from the present cause of action.

19. Defendant Torrez denies she was deliberately indifferent to the plaintiff's alleged serious medical needs.

## Relief Requested

20. Defendant Torrez denies the plaintiff is entitled to any relief in this cause of action.

## Affirmative Defenses

21. At all times relevant herein, defendant Torrez acted in good faith in the performance of her official duties and without violating the plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendant Torrez is therefore protected from suit by the doctrine of qualified immunity.

22. Pursuant to the Prison Litigation Reform Act, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or

emotional injury suffered while in custody without a prior showing of physical injury." (42 U.S.C. § 1997e(e)).

23.　The 11th Amendment of the United States Constitution bars claims for declaratory and injunctive relief.

        Respectfully submitted,

        JOSEPHINA TORREZ,

           Defendants,

        LISA MADIGAN, Attorney General,
        State of Illinois,

           Attorney for Defendants,

By   s/ John J. Weathers
     John J. Weathers, #6276137
     Assistant Attorney General
     500 South Second Street
     Springfield, IL 62706
     Telephone: (217) 785-4555
     Facsimile: (217) 524-5091
     E-Mail: jweathers@atg.state.il.us

## CERTIFICATE OF SERVICE

I hereby certify that on _____, 2005, I electronically filed Defendant's Answer with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

None

and I hereby certify that on _____, 2005, I mailed by United States Postal Service, the document to the following non-registered participant:

Joseph Clark, #K-57170
Pontiac Correctional Center
700 West Lincoln St, P O. Box 99
Pontiac, IL 61764

                        Respectfully submitted,

                        s/ John J. Weathers
                        John J. Weathers
                        Assistant Attorney General
                        500 South Second Street
                        Springfield, IL 62706
                        Telephone: (217) 785-4555
                        Facsimile: (217) 524-5091
                        jweathers@atg.state.il.us
                        Attorney Bar #6276137