UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH CLARK, | ) |
| Plaintiff, | ) |
| vs. | ) No. 04-1012 |
| JOSEPHINA TORREZ, | ) |
| Defendant. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

NOW COMES Defendant, JOSEPHINA TORREZ, by and through her attorney, Lisa Madigan, Attorney General for the State of Illinois, and in support of her Motion for Summary Judgment pursuant to Federal Rules of Civil Procedure Rule 56(b), states as follows:

## INTRODUCTION

The plaintiff, Joseph Clark, brings this suit pursuant to 42 U.S.C. 1983 for alleged violations of his constitutional rights. Pursuant to this Court's Order, Pacer document #21, all defendants and claims except for those against defendant Torrez were dismissed. Specifically, the plaintiff contends that on September 29, 2002, defendant Torrez was deliberately indifferent to his medical needs by refusing to allow plaintiff to see a doctor for his alleged chest pain.

## UNDISPUTED MATERIAL FACTS

1. The plaintiff has been evaluated by doctors and has had various medical tests, such as EKGs, performed on him for his alleged chest pain. (See Exhibit A, pp. 11-12.)

1

2.  Despite having been evaluated by doctors and having various tests performed, the plaintiff has not been diagnosed with any heart/chest condition. (See Exhibit A, p. 13.)

3.  The plaintiff showed no external symptoms of his alleged condition on September 29, 2002, the date of the incident in question. (See Exhibit A, p. 26.)

4.  The plaintiff's alleged pain lasted for 30-35 minutes. (See Exhibit A, p. 19.)

5.  The defendant arrived to the plaintiff's cell 10 minutes after his pain began. (See Exhibit A, p. 19.)

6.  The plaintiff's alleged pain subsided slightly more than 15 minutes after the defendant allegedly denied him medical treatment. (See Exhibit A, p. 30.)

## APPLICABLE LAW AND ARGUMENT

**1. Standard for summary judgment.**

Summary judgment is proper if the pleadings, answers to interrogatories, depositions, and admissions, along with affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Only disputes over facts that might affect the outcome of the suit, under the governing law, will properly preclude the entry of summary judgment. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). In making this determination, the court is to draw inferences from the record in the light most favorable to the non-moving party. The court is not required, however, to draw every conceivable inference; rather, it may draw only those that are reasonable. DeValk Linclon Mercury, Inc. v. Ford Motor Co., 811 F.2d 326, 333 (7th Cir. 1986).

The Seventh Circuit clarified the standard further in Collins v. Associated Pathologists, Ltd., 844 F.2d 473 (7th Cir. 1988), cert. denied, 488 U.S. 852 (1988):

> The existence of a triable issue is no longer sufficient to survive a motion for summary judgment . . . the test for summary judgment is whether sufficient evidence exists in the pre-trial record to allow the non-moving party to survive a motion for directed verdict.

Id. at 476.

The United States Supreme Court in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), established that a party moving for summary judgment can prevail just by showing that the other party has no evidence on an issue which the party has the burden of proof. Brazinski v. Amoco Petroleum Additives Co., 6 F.3d 1176, 1183 (7th Cir. 1993). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine" issue for trial. Mechnig v. Sears Roebuck & Co., 864 F.2d 1359 (7th Cir. 1988). The plaintiff must come forward with evidence that would reasonably permit the finder of fact to find in plaintiff's favor on a material question; otherwise, the court must enter summary judgment against the plaintiff. Waldridge v. American Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994); International Union of Operating Engineers v. Associated General Contractors, 845 F.2d 704, 708 (7th Cir. 1988).

**2. The plaintiff has failed to state a cause of action for deliberate indifference to a serious medical need.**

The plaintiff contends that the defendant was deliberately indifferent to his serious medical needs when he was not seen by a doctor for what he alleges were "severe and extreme internal chest pains." (See plaintiff's complaint, p. 4.) However, the plaintiff cannot objectively show that he in fact was suffering from a serious medical condition.

"Prison officials must ensure that inmates receive adequate...medical care," and must "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 114 S. Ct. 1970, 1976 (1994), (citing Hudson v. Palmer, 104 S. Ct. 319 (1984). Deliberate indifference to an inmate's serious medical need may give rise to a constitutional violation. Estelle v. Gamble, 97 S. Ct. 285 (1976). To state a claim for an Eighth Amendment violation concerning inadequate medical care, the plaintiff must show that the state was deliberately indifferent to his serious medical condition. Dunigan v. Winnebago County, 165 F.3d 587, 590 (7th Cir. 1999). As such, the plaintiff is required to show two things: (1) his medical condition was serious; and (2) that the state official acted with a culpable state of mind, i.e. deliberate indifference. Id. at 591. A serious medical condition is one where "...the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Id. quoting Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997). A state official is deliberately indifferent when he "...know[s] of and disregard[s] an excessive risk to inmate health or safety; the officials must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and they must also draw the inference." Dunigan, at 591 quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994).

However, negligence or malpractice does not rise to the level of a constitutional violation. Dunigan, at 592; Soto v. Johansen, 137 F.3d 980, 981 (7th Cir. 1998); Forbes v. Edgar, 112 F.3d 262, 266-267 (7th Cir. 1997). Delay in providing medical care may also be sufficient for liability. Kelly v. McGinnis, 899 F.2d 612 (7th Cir. 1990). Thus, in establishing a medical indifference claim, the Court may consider such factors as the severity of the medical problem, potential of harm if care is denied or delayed, and whether any harm actually resulted in the lack of medical attention. Burns v. Head Jailer of LaSalle

County Jail, 576 F. Supp. 618 (N.D. Ill. 1984). The propriety of a certain course of medical treatment is not a proper subject for review in a civil rights action. Id. The indifference to medical needs must be substantial; inadequate treatment due to negligence, inadvertence or difference in judgment between an inmate and medical personnel do not rise to the level of constitutional violations. Hughes v. Joliet Correctional Center, 931 F.2d 425, 428 (7th Cir. 1991). A disagreement over a doctor's decision to perform medical procedures is not actionable under the Civil Rights Act. See e.g. Benson v. Cady, 761 F.2d 335, 341 (7th Cir. 1985). The Eighth Amendment does not provide that an inmate is entitled to demand specific care, nor does it entitle him the best care that is available. Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir. 1997). A prisoner's constitutional rights can be restricted based on a penal institution's legitimate goals and policies, including institutional security. Martin v. Lane, 766 F. Supp. 641, 645 (N.D. Ill. 1991).

The plaintiff contends that the defendant was deliberately indifferent to his serious medical needs when she allegedly denied him access to medical care when, as he claims, he was having severe and extreme internal chest pain. (See plaintiff's complaint, p. 4.) However, despite multiple tests for his alleged condition, the plaintiff has never been diagnosed with a heart/chest ailment. (See Material Facts 1 & 2.) In fact, the plaintiff has been given an EKG which did not result in his being diagnosed with any ailment. Id. Additionally, the plaintiff cited no external symptoms that would put a person attending to his medical needs on notice that he was in fact suffering from a serious medical issue. (See Material Fact 3.)

The plaintiff has failed to show that he suffered from a serious medical condition on the day in question. The plaintiff has seen doctors for his alleged condition and no ailment has been found. In fact, on the day in question, the plaintiff did not suffer any injury,

5

significant or otherwise, that would pass the objective test amounting to a serious medical condition. The plaintiff cannot point to a single negative side effect suffered as a result of the incident in question. And the plaintiff's health was never at risk, let alone an excessive risk. The plaintiff can merely point to his nebulous alleged pain as an indicator of his condition. As such, the plaintiff's complaint should be dismissed and the defendant's Motion for Summary Judgment granted.

Furthermore, the alleged serious medical condition the plaintiff contends he was suffering from lasted only 30 to 35 minutes. (See Material Fact 4.) And the plaintiff admits that the defendant was aware of his alleged serious medical condition for only 20 to 25 minutes before his pain went away. (See Material Fact 5). Additionally, the plaintiff admits that his alleged pain dissipated a little more than 15 minutes after the point when the defendant supposedly refused to take him to the health care unit for treatment. (See Material Fact 6.)

It is unlikely that the defendant or any health professional could have assuaged the plaintiff's alleged pain in less than the 30 to 35 minutes or so it took for this apparently transitory condition to subside. The plaintiff apparently expected no less than immediate treatment and results in less than the 15 minutes that remained of his "suffering" from the point that the defendant allegedly denied him medical treatment. The plaintiff's unrealistic expectations placed on modern medicine's ability to alleviate phantom pain is a very high burden. The plaintiff's pain subsided before medical treatment could have realistically been applied. The defendant cannot be held liable for preventing treatment that would not have been applied until after the plaintiff's pain subsided anyways. As such, the plaintiff's complaint should be dismissed and the defendant's Motion for Summary Judgment granted.

WHEREFORE, for the above and foregoing reasons, Defendant respectfully requests this Honorable Court grant her Motion for Summary Judgment.

        Respectfully submitted,

        JOSEPHINA TORREZ,
            Defendant,

        LISA MADIGAN, Attorney General,
        State of Illinois
            Attorney for Defendant,

By: s/ John J. Weathers
        JOHN J. WEATHERS, #6276137
        Assistant Attorney General
        500 South Second Street
        Springfield, IL 62706
        Phone: 217-785-4555
        Fax: 217-524-5091
        jweathers@atg.state.il.us

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2005, I electronically filed Defendant's Memorandum of Law Motion for Summary Judgment with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

None

and I hereby certify that on September 21, 2005, I mailed by United States Postal Service, the document to the following non-registered participant:

Joseph Clark, #K-57170
Pontiac Correctional Center
700 West Lincoln St, P.O. Box 99
Pontiac, IL 61764

                Respectfully submitted,

                s/ John J. Weathers
                John J. Weathers
                Assistant Attorney General
                500 South Second Street
                Springfield, IL  62706
                Telephone:  (217) 785-4555
                Facsimile:  (217) 524-5091
                jweathers@atg.state.il.us
                Attorney Bar #6276137