UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 04-1012 |
| ) | |
| JOSEPHINA TORREZ, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

NOW COMES Defendant, JOSEPHINA TORREZ, by and through her attorney, Lisa Madigan, Attorney General for the State of Illinois, and hereby replies to the plaintiff's response to the defendant's Motion for Summary Judgment, and states as follows:

1. The defendant filed her Motion for Summary Judgment on September 21, 2005.

2. The plaintiff filed his response to said Motion for Summary Judgment on November 9, 2005.

3. The plaintiff disputes three of the defendant's Undisputed Material Facts.

4. First, the plaintiff contends that he has not had various medical tests, merely a couple of EKG tests. It is the defendant's contention that a couple of EKG tests are various tests.

5. Secondly, the plaintiff contends he did not exclusively answer that he has not been diagnosed with a heart ailment in the past. However, he has not offered any proof, nor does he contend that he has been diagnosed with a heart ailment; thus, it is the defendant's contention that the plaintiff has in fact not been diagnosed with a heart ailment.

1

6. Thirdly, the plaintiff contends he showed visible signs of his medical condition. He contends he had fearfulness, distress, lightheadedness, and shortness of breath, none of which necessarily would be visible.

7. The plaintiff also attempts to offer as fact that the defendant admitted in the plaintiff's request to admit by inference that she had in fact seen outward visible signs of the plaintiff's alleged medical condition. (See Plaintiff's Response to Defendant's Motion for Summary Judgment, page 3.) This is not true. The plaintiff contends that the defendant was late in responding to his request to admit, and thus, has admitted said admissions. The Court granted the defendant's Motion to Extend and the defendant subsequently answered the plaintiff's discovery request in a timely manner. (See this Honorable Court's Text Order dated October 3, 2005, and the defendant's Response to the plaintiff's Request to Admit, attached hereto.)

8. The plaintiff cannot and has not shown that he in fact has a medical condition that would manifest itself with "severe extreme internal chest pain." The plaintiff has had various medical tests and still he speciously retorts that he is not certain whether he has ever been diagnosed with any heart ailment.

9. The plaintiff contends that the defendant knew he was suffering from a serious medical condition because she, in her answer, stated that she did not have a conversation with the plaintiff concerning his medical issues, but still contacted the attending doctor and received approval to have the plaintiff transported to the health care unit upon his signing of the P-96 form. (See Plaintiff's Response to Defendant's Motion for Summary Judgment, page 4.) The defendant never admitted to speaking to a doctor on the date in question, and now the plaintiff asks this Court to make an assumption as to the defendant's state of mind based on this misinformation.

10. It is unlikely that the defendant or any health professional could have assuaged the plaintiff's alleged pain in less than the 30 to 35 minutes or so it took for this transitory condition to subside. The plaintiff apparently expected no less than immediate treatment and results in less than the 15 minutes that remained of his "suffering" from the point that the defendant allegedly denied him medical treatment. The plaintiff's unrealistic expectations placed on modern medicine's ability to alleviate phantom pain is a very high burden. The plaintiff's pain subsided before medical treatment could have realistically been applied. The defendant cannot be held liable for preventing treatment that would not have been applied until after the plaintiff's pain subsided anyways.

11. Lastly, the plaintiff's attempt to buoy his claim for injunctive relief by referencing to incidents that include many people other than the defendant herself. Such relief is not viable, and is otherwise barred by the 11th Amendment of the United States Constitution.

WHEREFORE, for the above and foregoing reasons, the defendant respectfully reiterates her requests that this Honorable Court grant her Motion for Summary Judgment.

Respectfully submitted,

JOSEPHINA TORREZ,
    Defendant,

LISA MADIGAN, Attorney General,
State of Illinois
    Attorney for Defendant,

By: s/ John J. Weathers
    JOHN J. WEATHERS, #6276137
    Assistant Attorney General
    500 South Second Street
    Springfield, IL 62706
    Phone: 217-785-4555
    Fax: 217-524-5091
    jweathers@atg.state.il.us

## CERTIFICATE OF SERVICE

      I hereby certify that on November 21, 2005, I electronically filed Defendant's Reply to Plaintiff's Response to Motion for Summary Judgment with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    None

and I hereby certify that on November 21, 2005, I mailed by United States Postal Service, the document to the following non-registered participant:

    Joseph Clark, #K-57170
    Pontiac Correctional Center
    700 West Lincoln St, P.O. Box 99
    Pontiac, IL 61764

                                      Respectfully submitted,

                                      s/ John J. Weathers
                                      John J. Weathers
                                      Assistant Attorney General
                                      500 South Second Street
                                      Springfield, IL  62706
                                      Telephone:  (217) 785-4555
                                      Facsimile:  (217) 524-5091
                                      jweathers@atg.state.il.us
                                      Attorney Bar #6276137