UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH CLARK, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 04-1012 |
| JOSEPHINA TORREZ, | ) ) ) |
| Defendant. | ) ) |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSION OF FACTS

NOW COMES Defendant, JOSEPHINA TORREZ, by and through his attorney, Lisa Madigan, Attorney General of the State of Illinois, and for her response to Plaintiff's Request for Admission of Facts, states as follows:

1.   A prisoner complaining of chest pains or problems is considered to be a medical emergency, and is broadcast/transmitted over the institutional radio communication system as a code-blue medical emergency, and the medical staff responds accordingly.

RESPONSE:   The defendant denies the assertion contained in paragraph one of Plaintiff's Request for Admission of Facts.

2.   On the morning of September 29, 2002, defendant Josephina Torrez was called/sent over to plaintiff Joseph Clark's assigned cell to see plaintiff Joseph Clark in response to plaintiff Clark's complaint of experiencing serious and severe internal chest pain.

RESPONSE:   The defendant admits the assertion contained in paragraph two of Plaintiff's Request for Admission of Facts.

3.   According to the Warden's Bulletin No. 80, dated September 27, 2000, which is attached to the Plaintiff's Complaint at Exhibit-B, inmates requesting emergency medical

services are not required to sign a trust voucher (P-96) or pay a $2 co-payment for the medical services.

RESPONSE: The defendant denies the assertion contained in paragraph three of Plaintiff's Request for Admission of Facts.

4. Also according to the Warden's Bulletin No. 80, dated September 27, 2000, attached to the Plaintiff's Complaint at Exhibit-B, at paragraph #2, even inmates requesting non-emergency medical services are not required to sign a trust fund voucher (P-96) until he arrives at sick-call for the medical treatment.

RESPONSE: The defendant denies the assertion contained in paragraph 4 of the Plaintiff's Request for Admission of Facts.

5. It is the inmates' responsibility and duty to obtain P-96 forms for use when requesting non-emergency medical services.

RESPONSE: The defendant admits the assertion contained in paragraph five of Plaintiff's Request for Admission of Facts.

6. It is not the duty or responsibility of the medical technicians to maintain or carry with them P-96 forms for inmates' use for requesting medical services.

RESPONSE: The defendant admits the assertion contained in paragraph six of Plaintiff's Request for Admission of Facts.

7. On the morning of September 29, 2002, while Defendant Torrez was at Plaintiff Clark's cell, Defendant Torrez did not physically examine Plaintiff Clark and did not check any of Plaintiff Clark's vital signs (blood pressure, body temperature, etc.).

RESPONSE: The defendant admits the assertion contained in paragraph Seven of Plaintiff's Request for Admission of Facts due to the plaintiff's refusal to submit to an examination by the defendant.

8. On the morning of September 29, 2002 Dr. Michael Trainor was the physician on duty.

RESPONSE: Defendant lacks sufficient knowledge to admit or deny paragraph eight of Plaintiff's Request for Admission of Facts.

9. On the morning of September 29, 2002, Defendant Torrez left Plaintiff Clark's assigned cell and went on the back flag area to use the telephone.

RESPONSE: Defendant lacks sufficient knowledge to admit or deny paragraph nine of Plaintiff's Request for Admission of Facts.

10. When Defendant Torrez went to use the telephone, she (defendant Torrez) called over to the Health Care Unit and spoke to Dr. Michael Trainor.

RESPONSE: Defendant denies the assertion set forth by the Plaintiff in paragraph ten of his Request for Admission of Facts.

11. In all honesty, Defendant Torrez did not know what to do or what medical action to take in response to Plaintiff Clark's severe chest pain on the morning on September 29, 2002.

RESPONSE: The defendant denies the assertion contained in paragraph 11 of Plaintiff's Request for Admission of Facts as plaintiff's actions prevented defendant Torrez from taking any action in response to plaintiff's complaints of chest pain.

12. On the morning of September 29, 2002 Defendant Torrez was not an actual certified medical technician.

RESPONSE: Defendant lacks sufficient knowledge to admit or deny the Plaintiff's assertion in paragraph 12 of his Request for Admission of Fact because "certified medical technician" is not what CMT stands for within the Illinois Department of Corrections context.

3

13. On September 29, 2002, nor prior thereto, Defendant Torrez had not taken nor completed the necessary classes/courses to qualify as a medical technician.

RESPONSE:    The defendant denies the assertion contained in paragraph thirteen of Plaintiff's Request for Admission of Facts.

14. On the morning of September 29, 2002, Defendant Torrez did not have the experience, credentials, training or qualifications of a certified medical technician.

RESPONSE:    The defendant denies the assertion contained in paragraph fourteen of Plaintiff's Request for Admission of Facts.

15. Plaintiff Joseph Clark was found guilty and disciplined for the disciplinary report which Defendant Torrez wrote against Plaintiff Clark in the year of 2002 for charges/allegations of flooding with water.

RESPONSE:    The defendant admits the assertion contained in paragraph 15 of Plaintiff's Request for Admission of Facts.

Respectfully submitted,

JOSEPHINA TORREZ,

Defendant,

John J. Weathers, #6276137
Assistant Attorney General
500 South Second Street
Springfield, IL 62706
(217) 785-4555

Of Counsel.

LISA MADIGAN, Attorney General,
State of Illinois,

Attorney for Defendant,

By: _____
JOHN J. WEATHERS
Assistant Attorney General

4

## CERTIFICATE OF SERVICE

John J. Weathers, Assistant Attorney General, herein certifies that he has served a copy of the foregoing Response to Request for Admission of Facts upon:

> Joseph Clark, #K-57170
> Pontiac Correctional Center
> 700 West Lincoln St, P O. Box 99
> Pontiac, IL 61764

by causing a copy of same be mailed in a correctly addressed, prepaid envelope to be deposited in the United States mail in Springfield, Illinois on October 6, 2005.

John J. Weathers
Assistant Attorney General