UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**Joseph Clark,**
       **Plaintiff,**

                       vs.                       04-1012

**Josephina Torrez, et al.,**
       **Defendants.**

### ORDER

Before the court are the defendant Josephina Torrez's summary judgment motion [35], the plaintiff's response, [40] and defendant's reply [41]. The defendant moves for summary judgment pursuant to Federal Rules of Civil Procedure Rule 56.

### Standard

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P.56(c); *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)*; Herman v. National Broadcasting Co., Inc.*, 744 F.2d 604, 607 (7th Cir. 1984), *cert. denied*, 470 U.S. 1028 (1985). In determining whether factual issues exist, the court must view all the evidence in the light most favorable to the non-moving party. *Beraha v. Baxter Health Corp.,* 956 F.2d 1436, 1440 (7th Cir. 1992). Further, this burden can be satisfied by "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If such a showing is made, the burden shifts to the non-movant to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Outlaw*, 259 F.3d at 837. A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position. *Tolle v. Carroll Touch, Inc.,* 23 F.3d 174, 178 (7th Cir. 1994). Credibility questions "defeat summary judgment only '[w]here an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility.'" *Outlaw*, 259 F.3d at 838, *citing* Advisory Committee Notes, 1963 Amendment to Fed. R. Civ. P. 56(e)(other citations omitted).

       Fed. Rule Civ. Pro. Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party there is no 'genuine' issue for trial." *Mechnig v. Sears, Roebuck & Co.*, 864 F.2d 1359 (7th Cir. 1988). A "metaphysical doubt" will not suffice. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Disputed facts are material only if they might affect the outcome of the suit. *First*

*Ind. Bank v. Baker,* 957 F.2d 506, 507-08 (7th Cir. 1992). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, *247-248, 106 S.Ct. 2505, 2510 (1986).

## Background

The plaintiff, Joseph Clark, brings this suit pursuant to 42 U.S.C. 1983 for alleged violations of his constitutional rights. Pursuant to this court's September 24, 2004 order, all defendants and claims except for those against defendant Torrez were dismissed. Specifically, the plaintiff contends that on September 29, 2002, defendant Torrez was deliberately indifferent to his medical needs by refusing to allow plaintiff to see a doctor for his alleged chest pain.

## Undisputed Material Facts[1]

1. The plaintiff has been evaluated by doctors and has had a few EKGs performed on him for his alleged chest pain. (See defendant's exhibit A, pp. 11- 12.)
2. Despite having been evaluated by doctors and having medical tests performed, the plaintiff has not provided any medical record, documentation or other proof that shows he been diagnosed with any heart/chest condition. (See defendant's exhibit A, p. 13.)
3. The defendant claims the plaintiff showed no external symptoms of his alleged condition on September 29, 2002, the date of the incident in question. (See defendant's exhibit A, p. 26.)
4. The plaintiff claims he clearly explained to the defendant what his medical condition was and that he showed visible signs of his medical condition on September 29, 2002, the date of the incident in question. He contends he had fearfulness, distress, lightheadedness, and shortness of breath. (See plaintiff's exhibit D.)
5. The plaintiff's alleged pain lasted for 30-35 minutes. (See defendant's exhibit A, p. 19.)
6. The defendant arrived to the plaintiff's cell 10 minutes after his pain began. (See defendant's exhibit A, p. 19.)
7. The plaintiff's alleged pain subsided slightly more than 15 minutes after the defendant allegedly denied him medical treatment. (See defendant's exhibit A, p. 30.)

## Discussion and Conclusion

The defendant argues that the plaintiff has failed to state a claim for deliberate indifference to his serious medical need. The plaintiff contends that the defendant was deliberately indifferent to his serious medical needs when he was not seen by a doctor for what he alleges were "severe and extreme internal chest pains." (See plaintiff's complaint, p. 4.) However, the plaintiff cannot objectively show that he in fact was suffering from a serious medical condition. "Prison officials must ensure that inmates receive adequate...medical care," and must "take reasonable measures to guarantee the safety of the inmates." *Farmer v.*

---

[1]Defendant's exhibits are attached to the defendant's memorandum of law [36]. The plaintiff's exhibits are attached to the plaintiff's response [40].

*Brennan*, 114 S. Ct. 1970, 1976 (1994), (*citing Hudson v. Palmer,* 104 S. Ct. 319 (1984). Deliberate indifference to an inmate's serious medical need may give rise to a constitutional violation. *Estelle v. Gamble*, 97 S. Ct. 285 (1976). To state a claim for an Eighth Amendment violation concerning inadequate medical care, the plaintiff must show that the state was deliberately indifferent to his serious medical condition. *Dunigan v. Winnebago County*, 165 F.3d 587, 590 (7th Cir. 1999). As such, the plaintiff is required to show two things: (1) his medical condition was serious; and (2) that the state official acted with a culpable state of mind, i.e. deliberate indifference. *Id*. at 591. A serious medical condition is one where "...the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Id. quoting Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). A state official is deliberately indifferent when he "...know[s] of and disregard[s] an excessive risk to inmate health or safety; the officials must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and they must also draw the inference." *Dunigan*, at 591 *quoting Farmer v. Brennan*, 511 U.S. 825, 837 (1994). However, negligence or malpractice does not rise to the level of a constitutional violation. *Dunigan*, at 592; *Soto v. Johansen*, 137 F.3d 980, 981 (7th Cir. 1998); *Forbes v. Edgar*, 112 F.3d 262, 266-267 (7 Cir. 1997). Delay in providing medical care may also be sufficient for liability. *Kelly v. McGinnis*, 899 F.2d 612 (7th Cir. 1990). Thus, in establishing a medical indifference claim, the Court may consider such factors as the severity of the medical problem, potential of harm if care is denied or delayed, and whether any harm actually resulted in the lack of medical attention. *Burns v. Head Jailer of LaSalle County Jail*, 576 F. Supp. 618 (N.D. Ill. 1984). The propriety of a certain course of medical treatment is not a proper subject for review in a civil rights action. *Id.* The indifference to medical needs must be substantial; inadequate treatment due to negligence, inadvertence or difference in judgment between an inmate and medical personnel do not rise to the level of constitutional violations. *Hughes v. Joliet Correctional Center*, 931 F.2d 425, 428 (7th Cir. 1991). A disagreement over a doctor's decision to perform medical procedures is not
actionable under the Civil Rights Act. *See e.g. Benson v. Cady*, 761 F.2d 335, 341 (7th Cir. 1985). The Eighth Amendment does not provide that an inmate is entitled to demand specific care, nor does it entitle him the best care that is available. *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

The plaintiff contends that the defendant was deliberately indifferent to his serious medical needs when she allegedly denied him access to medical care when, as he claims, he was having severe and extreme internal chest pain. (See plaintiff's complaint, p. 4.) However, despite medical tests for his alleged condition, the plaintiff has never been diagnosed with a heart/chest ailment or any other serious medical condition. The plaintiff has been given EKGs which did not result in his being diagnosed with any ailment. Additionally, although he contends that he had fearfulness, distress, lightheadedness, and shortness of breath, the plaintiff cited no external symptoms that would necessarily put a person attending to his medical needs on notice that he was in fact suffering from a serious medical issue. The plaintiff has failed to show that he suffered from a serious medical condition on the day in question. The plaintiff has seen doctors for his alleged condition and no ailment has been found. In fact, on the day in question, the plaintiff did not suffer any injury, significant or otherwise, that would pass the objective test amounting to a serious medical condition. The plaintiff has not pointed to a single negative side effect suffered as a result of the incident in question. The plaintiff can merely

point to his alleged pain.

Furthermore, the alleged serious medical condition the plaintiff contends he was suffering from lasted only 30 to 35 minutes. The plaintiff admits that the defendant was aware of his alleged serious medical condition for only 20 to 25 minutes before his pain went away. Additionally, the plaintiff admits that his alleged pain dissipated a little more than 15 minutes after the point when the defendant supposedly refused to take him to the health care unit for treatment. It is unlikely that the defendant or any health professional could have assuaged the plaintiff's alleged pain in less than the 30 to 35 minutes or so it took for this apparently transitory condition to subside. The plaintiff apparently expected no less than immediate treatment and results in less than the 15 minutes that remained of his "suffering" from the point that the defendant allegedly denied him medical treatment. The plaintiff has failed to prove that he had a serious medical condition. Therefore, the defendant is entitled to summary judgment.

It is therefore ordered:

1. Pursuant to Fed. R. Civ. Pro. Rule 56(c), the defendant's motion for summary judgment is granted [35]. The clerk of the court is directed to enter judgment in favor of the defendant and against the plaintiff. This case is terminated in its entirety, with the parties to bear their own costs;
2. If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate a strike under 28 U.S.C. 1915(g). The plaintiff is advised that the appellate filing fee is currently $455.00.

Enter this 29th day of August 2006.

**s\Harold A. Baker**

_____
Harold A. Baker
United States District Judge